IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

JAMON L. WOODSON,

        Petitioner,

v.                                         Civil Action No. 1:12CV16
                                         Criminal Action No. 1:10-CR-77
                                         (Judge Keeley)

UNITED STATES OF AMERICA,

        Respondent.

## REPORT AND RECOMMENDATION THAT § 2255 MOTION BE DENIED

### I. INTRODUCTION

On January 20, 2012, Jamon L. Woodson ("Petitioner") initiated this habeas corpus action pursuant to 28 U.S.C. § 2255. On January 23, 2012, Petitioner was sent a Notice of Deficient Pleading, advising him that he needed to file his petition on the court-approved form. On February 16, 2012, Petitioner re-filed his petition on the correct form. On April 20, 2012, the Government filed a Response to Petitioner's motion. Petitioner filed a Reply on July 2, 2012.

### II. FACTS

**A.    Conviction and Sentence**

On September 13, 2012, Petitioner was charged in a one-count information with conspiracy to distribute more than five hundred grams of cocaine and a quantity of marijuana, in violation of 21 U.S.C. §§ 846 and 841(b)(1)(B). On September 15, 2010, the District Court entered an order referring the matter to the Magistrate Judge to consider the Information, the record, and the proposed plea agreement, and then to conduct a hearing and enter into the record a written order memorializing the disposition of Defendant's guilty plea. Accordingly, on September 28, 2010, Petitioner appeared before Magistrate Judge John S. Kaull for entry of his

plea agreement. After receiving Petitioner's signed waivers for an Article III judge and for an indictment by a Grand Jury, Magistrate Kaull conducted a Rule 11 colloquy. Petitioner entered a guilty plea, and on September 28, 2010, Magistrate Judge Kaull entered an order/opinion accepting Defendant's plea of guilty to the one-count Information and recommending that he be adjudged guilty on the charge. The District Court accepted Magistrate Judge Kaull's recommendation on September 20, 2010 and adjudged him guilty of the crime charged.

On January 7, 2011, Petitioner had a sentencing hearing before the District Court. At the hearing, counsel for Petitioner conceded the probation office's response to Petitioner's objections to the presentence report was accurate and the Court denied the objections as moot. The Court then denied Petitioner's motion for a variance and sentenced him to 87 months imprisonment, four years of supervised release, and a $100 special assessment fee.

**B.      Appeals**

Petitioner did not appeal.

**C.      Federal Habeas Corpus**

Petitioner asserts he should be afforded habeas relief based on ineffective assistance of counsel because:

    a.      His counsel coerced him into signing a plea agreement that was based on a waiverless criminal information.

    b.      His counsel failed to assure Petitioner had an arraignment at which he was present.

    c.      His counsel failed to attempt to put the Government's case to the adversarial test.

Petitioner also claims that:

    a.      The Magistrate Judge erred in finding a factual basis to accept the plea agreement.

Finally, Petitioner asks that this Court grant him an evidentiary hearing on this matter.

The Government contends these arguments lack merit because Petitioner waived his right to be indicted during the plea hearing, because the Magistrate Judge made specific findings of fact in his opinion/order showing that a factual basis did exist for the guilty plea, and because defendant waived his right to challenge his counsel's alleged discovery failures when he entered into a binding plea agreement.

### D. Recommendation

Based upon a review of the record, the undersigned recommends that Petitioner's § 2255 Motion be denied and dismissed from the docket because Petitioner's claims are without merit.

### III. ANALYSIS

### A. Petitioner's Burden of Proof

"A petitioner collaterally attacking his sentence or conviction bears the burden of proving his sentence or conviction was imposed in violation of the Constitution or laws of the United States, that the court was without jurisdiction to impose such a sentence, that the sentence exceeded the maximum authorized by law, or that the sentence otherwise is subject to collateral attack. 28 U.S.C. § 2255. A motion collaterally attacking a petitioner's sentence brought pursuant to § 2255 requires the petitioner to establish his grounds by a preponderance of the evidence." Sutton v. United States, No. 2:02CR65, 2006 WL 36859, at *2 (E.D.Va. Jan. 4, 2006).

### B. Ineffective Assistance of Counsel

Claims of ineffective assistance of counsel are measured under a two-part analysis outlined in Strickland v. Washington, 466 U.S. 668, 687 (1984). First, Petitioner must show that his counsel's performance fell below an objective standard of reasonableness. Id. at 688. In reviewing claims of ineffective assistance of counsel, "judicial scrutiny of counsel's performance

3

must be highly deferential," and the court "must judge the reasonableness of counsel's challenged conduct on the facts of the particular case, viewed as of the time of counsel's conduct." Id. at 689-90. Second, the petitioner must demonstrate he was prejudiced by counsel's performance. In order to demonstrate prejudice, "the defendant must show there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." Id. at 694. If the defendant shows no prejudice from the alleged ineffectiveness of counsel, courts need not address counsel's performance. Fields v. Attorney Gen. of Maryland, 956 F.2d 1290, 1297 (4th Cir.), cert. denied, 506 U.S. 885 (1992).

**C.     Claims**

    **1.     Claim One: Counsel's Failure to Inform Petitioner that he was Waiving his Right to a Criminal Indictment and Counsel's Failure to Pursue an Arraignment**

Petitioner first argues that he received ineffective assistance of counsel because his attorney failed to inform him that he was waiving his right to a criminal indictment. However, Petitioner's sworn testimony at the plea hearing makes clear that he was so informed. At the September 28, 2010 plea hearing, through the colloquy, the Court confirmed that Petitioner understood and waived his right to have his case presented to the Grand Jury. The following testimony from the plea hearing indicates there is no factual basis for Petitioner's argument:

> THE COURT: Do you understand you have a right to have the charge presented to you against you through what is called the Grand Jury process?
> THE DEFENDANT: Yes sir.
> THE COURT: Now you have received a copy of the Information?
> THE DEFENDANT: Yes sir.
> THE COURT: Have you read that?
> THE DEFENDANT: Yes, sir.
> THE COURT: You understand that didn't come through the Grand Jury process, don't you?

THE DEFENDANT: Yes sir, I do.
THE COURT: Do you understand that a Grand Jury is guaranteed to you by the United States Constitution?
THE DEFENDANT: Yes sir.
THE COURT: Do you understand that a Grand Jury is a group of at least sixteen persons who are elected from within the Northern District of West Virginia?
THE DEFENDANT: Yes sir.
THE COURT: Do you understand that the Grand Jury then would meet in a room much like this one and that they would hear evidence that are presented to them primarily by the United States Attorney's Office; however, they could subpoena witnesses on their own and could hear evidence from witnesses that they called by taking the investigation into their own control and taking it in the direction they wanted to take it?
THE DEFENDANT: Yes sir, I do understand.
THE COURT: Do you understand that after they have heard all of the evidence that they're going to hear on a matter, they then excuse everyone except the Grand Jurors and the Grand Jurors deliberate; they talk about what they've heard and they take notes to decide two things: Is there probable cause to believe that a crime in violation of federal law was committed and is there probable cause to believe that you committed that crime? Do you understand that?
THE DEFENDANT: Yes sir.
THE COURT: If at least twelve of the sixteen or more Grand Jurors agree that there is such probable cause, they may return what is called a True Bill or an Indictment and that becomes the formal, written statement of a claim or charge against the individual, in this case you. Do you understand that?
THE DEFENDANT: Yes sir.
THE COURT: Naturally if the twelve or more of the sixteen or more Grand Jurors cannot agree that there is such probable cause, then that Grand Jury does not return the Indictment.
THE DEFENDANT: Yes sir.
THE COURT: No one can force you to give up your right to the Grand Jury process; however, it's like many other rights; you can give it up if you want to. If you do it must be of your own free and voluntary decision to give it up. Do you understand that?
THE DEFENDANT: Yes sir.
THE COURT: It is - - by proceeding with the one count Information, which I'm going to read to you in a couple of minutes, you are essentially agreeing to the United States Attorney's Office directly finding that charge against you without going through the constitutionally provided Grand Jury process.
THE DEFENDANT: Yes sir.
THE COURT: It's your way of consenting to them filing the charge directly against you. Do you understand that?
THE DEFENDANT: Yes sir.
THE COURT: Knowing those things, do you want to give up your right to the Grand Jury process?
THE DEFENDANT: Yes sir.

>THE COURT: Is that your own free and voluntary decision?
>THE DEFENDANT: Yes sir.
>THE COURT: The Information - - do you have a copy of it sir?
>THE DEFENDANT: Yes sir, I do."

Plea Hr'g Tr.

The Court then read the Information to Petitioner and continued with the colloquy, asking:

>THE COURT: Very good. Did you understand that to be the charge that is being filed by the United States Attorney against you?
>THE DEFENDANT: Yes sir.
>THE COURT: Do you agree to that particular charge being filed against you without going through the Grand Jury process?
>THE DEFENDANT: Yes sir.
>THE COURT: Are you willing to put your Waiver of the Indictment process in writing?
>THE DEFENDANT: Yes. Yes sir.
>THE COURT: I'm going to give you a form that accomplishes that and if you will take a look at that with your counsel and if it's appropriate to do so, you may sign it.
>THE DEFENDANT: OK.

Moreover, Petitioner also argues that because he was never indicted, the Government lacked jurisdiction over the offense, and therefore never had the authority to charge him or effect a plea agreement. However, the Federal Rules of Criminal Procedure specifically state that the Government is allowed to proceed by way of information. Rule 7 of the Federal Rules of Criminal Procedure states that:

> (b) An offense punishable by imprisonment for more than one year may be prosecuted by information if the defendant—in open court and after being advised of the nature of the charge and of the defendant's rights—waives prosecution by indictment.

Fed. R. Crim. P. 7(b).

Furthermore, other Courts have already addressed the issue of whether this section of the Federal Rules of Criminal Procedure violates the provision of the Fifth Amendment that states that "no person shall be held to answer for a capital or otherwise infamous crime, unless on a presentment or indictment of a Grand Jury." However, in Barkman v. Sanford, 162 F.2d 592,

594 (5th Cir. 1947), the Court held that this was merely a privilege conferred to defendants and not a limitation on the power of jurisdiction of the United States Courts, so the provision of Rule 7 authorizing waiver is not unconstitutional. See also Smith v. United States, 360 U.S. 1, 6 (1959). Here, Petitioner validly waived his right to proceed by indictment. Accordingly, none of Petitioner's constitutional rights have been violated and the Court must dismiss this claim as without merit.

Finally, Petitioner argues that his counsel was deficient for failing to pursue an arraignment. However, under Federal Rule of Criminal Procedure 10, an arraignment must be conducted in open court and must consist of: "(1) ensuring that the defendant has a copy of the indictment or information; (2) reading the indictment or information to the defendant or stating to the defendant the substance of the charge; and then (3) asking the defendant to plead to the indictment or information." In this case, Petitioner was in fact arraigned on September 28, 2010, the same day that he had his initial appearance and entered his plea agreement. See Dkt. No. 10. In Judge Keeley's September 30, 2010 Order, she confirms that "[t]he Magistrate Judge advised the defendant of the nature of the charges made in the Information, and inquired whether the defendant had read and reviewed the Information with counsel. Defendant waived reading of the Information." Order at 2. Then the Magistrate Judge accepted his plea. Id. at 3. Accordingly, because Petitioner was arraigned, this Court must dismiss this argument as being without merit.

### 2. Claim Two: Counsel's Failure to Attempt to Put the Government's Case to the Adversarial Test

Petitioner next claims that his counsel failed to put the Government's case to the adversarial test. More specifically, Petitioner claims that his attorney failed to interview government witnesses or witnesses in favor of Petitioner, failed to file a motion for discovery or any other pre-trial motions, and failed to challenge the bill-of-information for naming only him in the

7

conspiracy, or for duplicity and multiplicity. In United States v. Attar, 38 F.3d 727, 731 (4th Cir. 1994), the Fourth Circuit found that "a waiver-of-appeal-rights provision in a valid plea agreement is enforceable against the defendant so long as it is the result of a knowing and intelligent decision to forgo the right to appeal." Subsequently, in United States v. Lemaster, 403 F.3d 216, 220 (4th Cir. 2005), the Fourth Circuit found that like the waiver-of-appeal-rights provision, a waiver of the right to collaterally attack a sentence is valid so long as it is knowing and voluntary. Based on these cases, it appears that ineffective assistance of counsel claims are barred by a valid waiver, to the extent that the facts giving rise to the claims occurred prior to the defendant entering his guilty plea. Only claims arising after the entry of the guilty plea may fall outside the scope of the waiver. Attar, 38 F.3d at 732 (it cannot be fairly said that a defendant "waived his right to appeal his sentence on the ground that the proceedings following entry of the guilty plea were conducted in violation of the Sixth Amendment right to counsel, for a defendant's agreement to waive appellate review of his sentence is implicitly conditioned on the assumption that the proceedings following entry of the plea will be conducted in accordance with constitutional limitations").

Therefore, when reviewing an ineffective assistance of counsel claim in a case where there is a waiver of collateral-attack rights in a plea agreement, we must first determine whether there is valid waiver. In doing so,

> The validity of an appeal waiver depends on whether the defendant knowingly and intelligently agreed to waive the right to appeal. Although this determination is often made based on adequacy of the plea colloquy -- specifically, whether the district court questioned the defendant about the appeal waiver – the issue ultimately is evaluated by reference to the totality of the circumstances. Thus, the determination must depend, in each case, upon the particular facts and circumstances surrounding that case, including the background, experience, and conduct of the accused.

United States v. Blick, 408 F.3d 162, 169 (4th Cir. 2005) (internal citations and quotations omitted). In other words, the Court must examine the actual waiver provision, the plea agreement as a whole, the plea colloquy, and the defendant's ability to understand the proceedings. Id. If the Court finds that the waiver is valid, any ineffective assistance of counsel claims arising prior to the plea agreement are barred by the waiver.

In this case, the Court finds that Petitioner validly waived his right to challenge these pre-plea deficiencies because his has not shown that they have caused him to enter an involuntary or unknowing plea. First, the plea agreement itself stated that Petitioner was waiving his right to file a collateral attack via a Section 2255 motion. Plea Agreement ¶ 12. During the Rule 11 plea hearing, the Government summarized the plea agreement, and with respect to the waiver in paragraph twelve, it stated that "[i]n exchange for the waivers made by the United States in [the] plea agreement, [Petitioner] has executed a limited waiver of appellate rights, indicating that [Petitioner] will waive any sentence, both directly and any habeas corpus sentencing, so long as the sentence is at a hundred and thirty-five (135) months or less." Hr'g Tr. 10. The Government also stated on record that it was signed, indicating he has read, understood, and agreed to each of the paragraphs. Hr'g Tr. 12. Then the Magistrate Judge confirmed with Petitioner that this was the agreement he had reached with the United States Attorney's Office. Hr'g Tr. 13. Then, the Court made sure that understood the nature and terms of the plea agreement, asking "[d]id you completely understand all of the terms and provisions in that plea agreement before you put your signature to it on the 8th of July?" and Petitioner responded that he did. Hr'g Tr. 30. The Judge also asked him a series of other questions making sure Petitioner understood other parts of the plea agreement. Hr'g Tr. 30-34. Then the Judge advised Petitioner of the minimum and maximum sentences he could be exposed to. Hr'g Tr. 36. The Judge also asked if entering into

9

this agreement was his "own free and voluntary decision" and Petitioner responded that it was. Hr'g Tr. 44. Finally, the Judge found Petitioner knowingly and voluntarily entered into the plea agreement and that he understood the rights he was giving up by pleading guilty. Accordingly, the undersigned finds that the petitioner knowingly and intelligently waived his appeal and collateral attack rights. Moreover, all of the petitioner's claims arise prior to sentencing. Thus, the claims raised in the instant petition are all barred by the valid waiver contained in the plea agreement.

### 3. Claim Three: The Magistrate Judge's Error in Finding a Factual Basis for Petitioner's Entry of a Guilty Plea

Petitioner's final argument is that the Magistrate Judge erred in finding that a factual basis existed for his plea. "Rule 11(f) of the Federal Rules of Criminal Procedure proves that '[n]otwithstanding the acceptance of a plea of guilty, the court should not enter a judgment upon such a plea without making such inquiry as shall satisfy it that there is a factual basis for the plea.' The court need not satisfy itself that a jury would find the defendant guilty, or even that defendant is guilty by a preponderance of the evidence. The district court must 'assure itself simply that the conduct to which the defendant admits is in fact an offense under the statutory provision under which he is pleading guilty.'" United States v. Carr, 271 F.3d 172, 179 (4th Cir. 2001)(quoting United States v. Maher, 108 F.3d 1513, 1524 (2nd Cir. 1997)). The court "need only be subjectively satisfied that there is a sufficient factual basis for a conclusion that the defendant committed all the elements of the offense." United States v. Mitchell, 104 F.3d 649, 652 (4th Cir. 1997). This is to "protect[ ] a defendant who is in the position of pleading voluntarily with an understanding of the nature of the charge but without realizing that his conduct does not actually fall within the charge." United States v. Mastrapa, 509 F.3d 652, 660 (4th Cir. 2007).

In this case, first, to establish a factual basis, the Government elicited the testimony of Officer Jason Ammons. Officer Ammons testified that Aaron Warner, Nicholas Dent and Travis Tracey conspired together with Petitioner to distribute cocaine, and that Petitioner had become their supplier in April 2008. Hr'g. Tr. 45-51. Then the Judge asked Petitioner at the plea hearing if he had any dispute about Officer Ammons' testimony about is alleged involvement, and Petitioner's counsel, while reserving the right to bring up some issues at sentencing, responded that the testimony was acceptable. Hr'g Tr. 52. Furthermore, in the Magistrate Judge's Order/Opinion, he found that based on these facts every essential element of the conspiracy charge had been met. Order 6-8. Accordingly, the Magistrate Judge did not commit error by finding that a factual basis existed for acceptance of Petitioner's guilty plea.

**4: Whether Petitioner is Entitled to an Evidentiary Hearing**

The petitioner seeks an evidentiary hearing. 28 U.S.C. §2255 provides in pertinent part as follows:

> [u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief, the court shall cause notice thereof to be served upon the United States attorney, grant a prompt hearing thereon, determine the issues and make findings of fact and conclusions of law with respect thereto.

See also United States v. Magini, 973 F.2d 261, 264 (4th Cir.1992)(stating that a federal court "must hold an evidentiary hearing when the petitioner alleges facts which, if true, would entitle [him] to relief"). But, if it is clear from the pleadings and the files and records that the movant is entitled to no relief, a hearing is not necessary. Raines v. United States, 423 F.2d 526, 529 (4th Cir. 1970). Here, for the reasons detailed in the above analysis, it is clear that Petitioner is entitled to no relief, therefore, this Court will deny his request for an evidentiary hearing.

## IV. RECOMMENDATION

For the reasons stated above, the undersigned recommends that Petitioner's 28 U.S.C. § 2255 Motion to Vacate, Set Aside, or Correct Sentence be **DENIED**.

On or before **July 31, 2012**, any party may file with the Clerk of Court written objections identifying those portions of the recommendation to which objections are made and the basis for such objections. A copy of any objections shall also be submitted to District Judge Irene M. Keeley. Failure to timely file objections to this recommendation will result in waiver of the right to appeal from a judgment of this Court based upon such recommendation. 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985): United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984).

The Clerk is directed to mail a copy of this Report and Recommendation to the *pro se* petitioner and counsel of record, as applicable.

DATED: July 17, 2012           /s/ James E. Seibert
                               JAMES E. SEIBERT
                               UNITED STATES MAGISTRATE JUDGE